52 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cleotis UNDERWOOD, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
Defendant-Appellee.
 No. 94-6188.
 United States Court of Appeals, Tenth Circuit.
 April 13, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Cleotis Underwood applied for supplemental security income benefits in April 1989 claiming disability resulting from an accident that occurred in February 1988. The Secretary determined that Mr. Underwood was disabled beginning on April 4, 1991, but not before that date. The district court affirmed the Secretary's denial of benefits prior to April 4, 1991, and Mr. Underwood appeals that decision to us.
 
 
 4
 Mr. Underwood's claimed disability stems primarily from an on-the-job accident that happened in February 1988. Working as a self-employed sign painter, he fell off a ladder and broke his right arm and eventually suffered a variety of complications. He filed his first application for benefits in June 1988, but that was denied on the basis his arm would heal within twelve months of his injury, and he did not appeal. He filed a second application in April 1989. After this application was denied, Mr. Underwood requested a hearing before an administrative law judge. In March 1991 the ALJ issued his decision finding that Mr. Underwood could not return to his past relevant work as a painter because that was medium work, but could perform light work that did not require prolonged standing or walking. Relying on the Medical-Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 202.12, and the testimony of a vocational expert, the ALJ determined that Mr. Underwood could work in a variety of clerk jobs and therefore was not disabled.
 
 
 5
 In December 1991, the Appeals Council vacated the ALJ's decision and remanded for a new hearing because the ALJ and vocational expert had not properly considered all the evidence. A different ALJ held a second hearing in February 1992 and issued his decision in May 1992. This ALJ also found that Mr. Underwood had been unable to perform his past relevant work at all times relevant to the decision. The ALJ determined that Mr. Underwood could perform light work but could not return to sign painting, which he classified as skilled, light work, because it involved significant repetitive motions with his right arm and hand. Another vocational expert testified that Mr. Underwood could perform such light work jobs as dental floss packer and linen supply load builder. Relying on this testimony and the grids, Rule 202.11, the ALJ concluded the Mr. Underwood was not disabled prior to April 4, 1991. The ALJ found that beginning April 4, 1991, the chronicity of Mr. Underwood's pain, by now compounded by cervical spine and left shoulder problems, had increased to the point that Mr. Underwood was disabled.
 
 
 6
 We review the Secretary's decision to deny benefits to determine whether it is supported by substantial evidence and whether she applied the correct legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). We closely examine the record as a whole to determine whether substantial evidence supports the Secretary's decision, and we fully consider the evidence that detracts from her decision. Id. Incorrect application or insufficient evidence of correct application of governing legal standards is grounds for reversal. Id. Because the ALJ found that Mr. Underwood could not return to his past relevant work during any of the relevant period, which we interpret to mean from April 1989 to April 1991, the burden was on the Secretary to show that there were jobs available that he could perform during this period. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing the five-step analysis).
 
 
 7
 The question is whether there is substantial evidence to support the Secretary's conclusion that Mr. Underwood could perform light work prior to April 4, 1991. 20 C.F.R. 416.967(b). We note that entitlement to SSI benefits begins in the month in which a claimant meets all eligibility requirements. Id. 416.335. To be eligible for benefits, the disabling impairment "must have lasted or be expected to last for a continuous period of at least 12 months." Id. 416.909.
 
 
 8
 We agree with the Secretary there is substantial evidence that as of April 1989, Mr. Underwood could not return to his past relevant work. Looking first at the preceding twelve-month period, however, we do not see substantial evidence that Mr. Underwood could perform light work. There was evidence of what he could not do, but not of what he could do. The only evidence was reports from his treating physicians describing the break, its nonunion, and the various surgeries to stabilize the arm and alleviate Mr. Underwood's pain. These physicians indicated either that he was temporarily totally disabled or disabled from returning to sign painting. As we stated in Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir.1993),
 
 
 9
 [t]he absence of evidence is not evidence. The ALJ's reliance on an omission effectively shifts the burden back to the claimant. It is not her burden, however, to prove she cannot work at any level lower than her past relevant work; it is the Secretary's burden to prove that she can.
 
 
 10
 The Secretary did not meet her burden. We thus conclude that Mr. Underwood was disabled and entitled to benefits when he applied in April 1989.
 
 
 11
 Similarly, the Secretary did not meet her burden of showing Mr. Underwood's condition had improved such that he could perform light work between April 1989 and April 1991. Cf. Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir.1994)(before terminating benefits, Secretary has burden of showing medical improvement). The Secretary contends that various physicians' conclusions that Mr. Underwood was susceptible to vocational rehabilitation are evidence that he could do light work. We disagree. The physicians did not state whether they found Mr. Underwood could be rehabilitated sufficiently to perform light work. If he were capable of performing only sedentary work, Mr. Underwood would have been classified as disabled pursuant to the grids because he was closely approaching advanced age, had limited or less education, and no transferable skills. See Rule 201.10. Thus, his general susceptibility to vocational rehabilitation is not probative of whether he could perform light work.
 
 
 12
 The Secretary also points to reports by Drs. Reynolds and Moore as evidence supporting her decision. Dr. Reynolds did note that Mr. Underwood was well-developed and displayed normal muscle tone. However, he also noted chronic right arm pain and cervical spondylosis with associated cervical pain. He did not indicate the level of work Mr. Underwood could perform. Dr. Moore, a consultant for the Secretary, felt that because Mr. Underwood had heavy callouses on the palms of both hands and generally good muscle tone, he must be performing heavy physical activities. Dr. Moore, perhaps mistakenly, indicated that Mr. Underwood could lift fifty pounds occasionally and seventy-five pounds frequently. We do not think that the existence of callouses alone, without evidence of what Mr. Underwood's hands looked like previously, is substantial evidence as to the level of work he could perform.
 
 
 13
 Finally, even if the evidence could be viewed as showing Mr. Underwood capable of performing light work, the ALJ recognized that his ability to do light work was restricted by his inability to perform repetitive right arm and hand movements. This exertional impairment required the Secretary to produce vocational expert testimony or similar evidence of jobs he could perform. See Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir.1991). The hypothetical questions the ALJ posed to the vocational expert, however, did not include the arm and hand movement restriction. Thus, the expert's testimony regarding the specific light-work jobs Mr. Underwood could perform is not substantial evidence to support the Secretary's position. Id. at 1491-92.
 
 
 14
 We conclude that the Secretary's finding that Mr. Underwood was not disabled prior to April 4, 1991, is not supported by substantial evidence. We therefore REVERSE the judgment of the United States District Court for the Western District of Oklahoma. Because of the amount of time Mr. Underwood's application has been pending and the unlikelihood of adducing additional evidence relevant to his abilities prior to April 1991, we do not believe that further administrative proceedings are appropriate. See Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir.1993). We therefore REMAND the case to the Secretary for an award of benefits.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470